J-S22028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPHINE K. KIGER | : | |
| | : | |
| Appellant | : | No. 1374 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 18, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005626-2016

BEFORE: SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 16, 2019**

Appellant, Josephine K. Kiger, appeals from the April 18, 2018 Judgment of Sentence entered in the Dauphin County Court of Common Pleas following her conviction of Robbery and Conspiracy to Commit Robbery.[1] She challenges the sufficiency of evidence in support of her convictions. After careful review, we affirm.

We glean the following factual and procedural history from the certified record. Appellant and Jon Paul Young ("the Victim") had a romantic relationship from July to early-September 2016, during which the Victim moved in with Appellant. After the relationship ended and the Victim moved out of Appellant's house, Appellant and the Victim agreed that he owed her

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii) and 18 Pa.C.S. § 903, respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

approximately $400 for expenses. Because Appellant did not receive the money the Victim owed her, Appellant texted the Victim, threatening to take him to small claims court.

On September 9, 2016, Appellant invited the Victim to her house. Once he arrived, Appellant invited the Victim to her kitchen for coffee. While in the kitchen, Appellant told the Victim that she was going to do something to him so that he never messes with another woman again. Appellant then yelled "Now," and two of Appellant's friends emerged from Appellant's basement; one friend was holding a wooden baseball bat.

Appellant then directed the Victim to place his arms in the air and one friend stood directly in front of the Victim with the bat, while the other friend removed a cellphone, wallet, approximately $184 in cash, car keys, and a vape box from the Victim's pockets.

A trial commenced on February 14, 2018, after which the jury found Appellant guilty of Robbery and Conspiracy to Commit a Robbery. On April 18, 2018, the court sentenced Appellant to one and one-half to three years of imprisonment, followed by five years of probation.

After the dismissal of her Post-Sentence Motion, Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review: "Did the Commonwealth fail to present evidence sufficient to sustain a verdict of guilty with respect to [Robbery] and [Conspiracy to Commit Robbery]." Appellant's

Br. at 6. In her brief, Appellant narrows the issue by arguing only that the Commonwealth presented insufficient evidence to support her conviction as an accomplice to the robbery and as a co-conspirator.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "Our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Hutchinson***, 164 A.3d 494, 497 (Pa. Super. 2017). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted).

"Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

**Robbery**

Appellant argues that the Commonwealth failed to prove that she was an accomplice to the robbery because she was not an active participant. She asserts that the Commonwealth presented no evidence "to suggest Appellant

in any way had knowledge of what might occur at her house on September 9, 2016." Appellant's Br. at 12. She contends that the evidence simply demonstrated that she was "merely present at the scene and associated with the perpetrators[,]" and therefore sufficient evidence does not support her Robbery conviction. *Id.* We disagree.

A person is guilty of Robbery if "in the course of committing a theft, [s]he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii).

A defendant may be guilty of a crime even if she does not directly commit the crime. Under the theory of accomplice liability, an accomplice is legally accountable for the conduct of another person involved in committing a crime. 18 Pa.C.S. § 306(b)(3). In particular, a defendant is an accomplice to another person if the defendant "aids . . . such other person in planning or committing [the crime.]" 18 Pa.C.S. § 306(c).

Turning to the facts of this case, as an initial matter, there is no dispute that Appellant's friends committed a robbery  because one friend of Appellant held a baseball bat while standing in front of the Victim and the other friend emptied the Victim's pockets, stealing a cellphone, wallet, approximately $184 in cash, car keys, and a vape box. The issue is whether Appellant aided her friends and thus, was an accomplice to the robbery.

The evidence demonstrated that Appellant invited the Victim to her house. While Appellant and the Victim stood in the kitchen, Appellant

threatened the Victim by telling him that Appellant "is going to do something to him so that he never messes with another woman again." Appellant then called her friends to the kitchen, shouting "Now." When her friends came into the kitchen, Appellant told the Victim to place his arms in the air. One friend then stood in front of the Victim with a bat while the other friend stole the Victim's personal items from his pockets. In light of Appellant's threat, her calling in her friends, and her command that the Victim place his arms in the air, the jury had sufficient evidence to infer that Appellant aided her friends and thus, was an accomplice to the robbery. Accordingly, Appellant is not entitled to relief on this claim.

**Conspiracy to Commit Robbery**

Appellant argues that sufficient evidence does not support her Conspiracy to Commit Robbery conviction. She again contends that the evidence simply demonstrated that she was "merely present at the scene and associated with the perpetrators." Appellant's Br. at 12. We disagree.

A defendant is guilty of conspiracy with other persons to commit a crime if with the intent of promoting or facilitating its commission, the defendant "(1) agrees with such other . . . persons that they or one or more of them will engage in conduct which constitutes such crime . . . ." 18 Pa.C.S. § 903(a).

As discussed above, Appellant invited the Victim to her house, threatened him and then called her friends to rob the Victim. Appellant also told the Victim to place his hands in the air while one friend stood in front of

the Victim with a baseball bat and her other friend robbed the Victim. It is from these facts that the jury could reasonably infer that Appellant entered into an agreement with her friends to commit a robbery. Accordingly, Appellant is not entitled to relief on this claim.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/16/2019